# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
JODI K. HUPE, mother and                 *
next friend of B.A.H., a minor,          *
                                         *   No. 14-448V
                     Petitioner,         *   Special Master Christian J. Moran
                                         *
v.                                       *   Filed: February 12, 2015
                                         *
SECRETARY OF HEALTH                      *   Damages; decision based on proffer;
AND HUMAN SERVICES,                      *   human papillomavirus ("HPV");
                                         *   syncope; jaw and teeth injury.
                     Respondent.         *
* * * * * * * * * * * * * * * * * * *   *
```

<u>Theodore G. Pashos</u>,  Niedner Bodeux et al., St. Charles, MO, for Petitioner;
<u>Lindsay Corliss</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## <u>UNPUBLISHED DECISION AWARDING DAMAGES</u>[1]

On May 27, 2014, Jodi K. Hupe filed a petition on behalf of her daughter, B.A.H., seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (2006), alleging that the human papillomavirus ("HPV") vaccination caused B.A.H. to suffer syncope resulting in injuries to her jaw and teeth.  On August 29, 2014, the undersigned determined that petitioner is entitled to compensation under the Vaccine Act.

On February 10, 2015, respondent filed a Proffer on Award of Compensation, to which petitioner agrees.[2]  Based upon the record as a whole, the

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

[2] Respondent previously filed a proffer for award on December 22, 2014.  The undersigned issued a decision based on this proffer on December 30, 2014, and later granted petitioner's joint motion to vacate his decision allowing the parties to amend the form of the award.  <u>See</u> order, issued Jan 14, 2015.

special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer.  Pursuant to the attached Proffer, the court awards petitioner:

**A.  A lump sum payment of $5,395.00, representing compensation for past unreimbursable vaccine-related medical expenses, in the form of a check payable to petitioner, Jodi K. Hupe, as guardian/conservator of B.A.H.'s estate.**

**B.  An amount sufficient to purchase an annuity contract, paid to the life insurance company from which the annuity will be purchased, subject to the conditions described in the attached Proffer (Appendix A), that will provide payments to B.A.H. as set forth below:**

**1.  Beginning October 17, 2015, $20,000.00 payable annually for six (6) years certain only.**

**2.  On October 17, 2022, a certain lump sum of $10,156.21.**

**This amount represents all remaining elements of compensation to which B.A.H. would be entitled under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

2

_____

                                   )

JODY K. HUPE, mother and next friend of  )

B.A.H., a minor,                          )

                                   )

       Petitioner,                   )      No. 14-448V  ECF

                                   )

         v.                      )      Special Master Moran

                                   )

SECRETARY OF HEALTH             )

AND HUMAN SERVICES,          )

                                   )

       Respondent.              )

_____ )

## <u>RESPONDENT'S PROFFER ON AWARD OF COMPENSATION</u>

On May 27, 2014, petitioner, on behalf of her minor daughter, B.A.H., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), as amended. 42 U.S.C. §§ 300aa-1 <u>et seq</u>. Petitioner alleges that, after B.A.H. received the human papillomavirus vaccine on June 1, 2011, she suffered syncope resulting in injuries to her jaw and teeth. Petitioner alleges a theory based on causation-in-fact. The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report, conceding that B.A.H. suffered from syncope resulting in mandibular fractures, multiple lacerations, tooth fractures, and requiring multiple surgeries, and recommending that petitioner be awarded compensation. Respondent hereby submits the following proffer regarding the award of compensation. This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

I. **Items of Compensation**

    A.    Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is entitled to an award for projected unreimbusable medical care expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A), in the amount of $77,040.38. Petitioner agrees.

    B.    Lost Future Earnings

Respondent proffers that based upon the evidence of record, B.A.H. is not likely to suffer a loss of earnings as a result of her vaccine injury. Accordingly, petitioner should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

    C.    Pain and Suffering

Respondent proffers that petitioner should be awarded a lump sum of $50,000.00 for B.A.H.'s actual pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    Past Unreimburseable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to B.A.H.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,395.00. Petitioner agrees.

    E.    Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to B.A.H.'s vaccine-related injury.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner, to be received on behalf of B.A.H., should be made through a combination of a lump sum payment and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $5,395.00, representing compensation for past unreimbursable vaccine-related medical expenses, in the form of a check payable to petitioner.

B.  An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to B.A.H. as set forth below:

> 1.  Beginning October 17, 2015, $20,000.00 payable annually for six (6) years certain only.
>
> 2.  On October 17, 2022, a certain lump sum of $10,156.21.

---

[1]  Should B.A.H. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

This amount represents all remaining elements of compensation to which B.A.H. would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.[5]  Should B.A.H. predecease any of the certain payments set forth above, said payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of B.A.H.'s death.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Lindsay Corliss*
LINDSAY CORLISS
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-9197
Dated:  February 10, 2015          Fax: (202) 616-4310

---

[5]  At the time payment is received, B.A.H. will be an adult, and thus guardianship is not required.

4